UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Zarissa Azriel Liriel Qz'Etax,  )
   a.k.a. S.L. Dorn              )
                                 )
          Plaintiff,             )
                                 )
   v.                            )  Civil Action No. 05-cv-00919
Department of State, et al.,     )
                                 )
          Defendants.            )

DECLARATION OF MARGARET P. GRAFELD

I, Margaret P. Grafeld, declare and state as follows:

1. I am the U.S. Department of State's Information and Privacy Coordinator and the Director of the Department's Office of Information Programs and Services (IPS). In these capacities, I am the Department official immediately responsible for responding to requests for records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and other applicable records access provisions. I have been in the employ of the Department of State since 1974, and have served with the Department's Information Access Program for most of my tenure with the Department. I am

authorized to classify and declassify national security information pursuant to Executive Order (E.O.) 12958, as amended, and Department of State regulations set forth in 22 CFR §§ 9.7, 9.14.  I make the following statements based upon my personal knowledge, which in turn is based on a review of the Freedom of Information Document Management System, FREEDOMS, a case-tracking database of prior and current information access requests.  I have read plaintiff's complaint filed in the above-captioned matter, and I am familiar with the efforts of Department personnel to locate the subject requests.

    2.  The core responsibilities of IPS include records access requests made by the need-to-know community, the public (under the FOIA, Privacy Act, the mandatory declassification review requirements of E.O. 12958, as amended, or the Ethics in Government Act), members of Congress, other government agencies, and those that have been made pursuant to judicial processes, such as subpoenas, court orders, and discovery requests; records management; privacy protection; national security classification management and declassification review; corporate records archives management; research; the Department's Library; and the technology that supports these activities.

3

3. The purpose of this declaration is to inform the court that to date, the Department of State has not received plaintiff's Freedom of Information Act requests.

4. Plaintiff alleges requests were mailed to the Department's Office of Passport Services in December 2004 and February 2005 for information on procedures for obtaining a new U.S. passport after undergoing sex reassignment surgery and a name change.

5. Under the FOIA, requests for access to information must reasonably describe the records sought and must be made in accordance with the agency's published regulations (5 U.S.C. § (a)(3)(A)). The Department's published FOIA regulations in 22 C.F.R. §171 et seq., require that all requests for information under the FOIA be addressed to the Information and Privacy Coordinator (Director of IPS), U.S. Department of State, SA-2, 515 22nd Street, NW, Washington, DC 20522-6001.

6. Nevertheless, IPS staff requested that the Office of Passport Services in the Bureau of Consular Affairs (CA/PPT) search their records for receipt of plaintiff's December 2004 and February 2005 requests under both names used by plaintiff. CA/PPT found no record of the receipt of plaintiff's requests. CA/PPT also found no record of a

passport issued in the name of Zarissa Azriel Liriel Qz'Etax or S.L. Dorn.

6. Additionally, IPS staff searched under both names used by plaintiff (Zarissa Azriel Liriel Qz'Etax and S.L. Dorn) in the Department's case-tracking database, Freedom of Information Document Management System (FREEDOMS), and found no record of receipt of plaintiff's requests. FREEDOMS contains pertinent, searchable information on over 111,000 information access requests, including requests made under the FOIA and the Privacy Act. If plaintiff's December 2004 and February 2005 requests had been received by IPS, they would have been tracked by the FREEDOMS case-tracking database.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 27th day of July 2005.

*[signature]*

Margaret P. Grafeld